## W. C. ROBINSON v. THE STATE.

### No. 3879.     Decided May 20, 1908.

**1.—Local Option—Indictment.**

Where upon trial of a violation of the local option law, the indictment conformed to approved precedent, the same was sufficient.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial of a violation of the local option law, the defendant, upon being asked indirectly for some liquor, winked his eye and nodded his head

back towards the back end of the house, where the prosecutor got the whisky and left the money by the bottle, etc., the same was sufficient to sustain the conviction.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $100 and sixty days imprisonment in the county jail.

Motion was made to quash the indictment as being insufficient in some respects to charge a violation of the local option law. We have in several opinions held an indictment of this particular form sufficient. It is not necessary to further review the questions involved in the motion.

We are of opinion that the evidence is sufficient. This seems to be the main contention relied upon by appellant for reversal. The State's case is made by the witness Smith, who states that he had a little business transaction with appellant sometime about the 30th day of December, 1907; that he got a drink of whisky from him about that time in Brown County at the Del-Monte restaurant, which was Cad Bennett's place of business in Brownwood. This occurred about eight or nine o'clock in the morning, and for which whisky he paid 15 cents; it was a glass of whisky. On cross-examination he states he went into the restaurant feeling pretty badly. There was no one in except the defendant, and he asked the defendant if he "knew of anything a fellow could get." Appellant said nothing at all; he just winked his eye and nodded his head back towards the back end of the house, and the witness went to the point indicated and looked in a little side room and saw a bottle and a glass upon a plank or board that was laid across some barrels. That he went in and picked up the bottle and glass and poured out a drink, drank it and set the bottle and glass down on the plank where he found it, and left, placing the 15 cents on the plank by the bottle where he took the drink. This is substantially the evidence in regard to the purchase or manner of purchasing and securing the whisky. We are of opinion that this is sufficient evidence to justify the jury in finding their verdict of guilty.

The judgment is affirmed.

*Affirmed.*